IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GARY CARROLL, an individual,

        Plaintiff,

v.                                         CIVIL ACTION NO.   3:14-17012

WEST VIRGINIA REGIONAL JAIL &
CORRECTIONAL FACILITY AUTHORITY,
an agency of the State of West Virginia;
MIKE CLARK, in his individual and official
capacity as the Administrator of the Western
Regional Jail; and DOES 1 through 25, inclusive,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant West Virginia Regional Jail and Correctional Facility Authority and Defendant Mike Clark's Motion to Dismiss Amended Complaint (ECF No. 9). For the reasons set forth below, the motion is **GRANTED** with respect to Defendant West Virginia Regional Jail and Correctional Facility Authority and Defendant Mike Clark in his official capacity. With respect to Defendant Mike Clark in his individual capacity, the Motion is **GRANTED IN PART** as to Count Two, Count Five, and the claim for punitive damages, and **DENIED IN PART** as to Count One, Count Three, and Count Four.

        **I.**        **Statement of Facts**

Plaintiff Gary Carroll alleges that on the evening of June 7, 2012 he was incarcerated at the Western Regional Jail while awaiting trial. ECF No. 8. He alleges that on that evening the television in the "C Pod" of the jail was playing the news. ECF No. 8. Plaintiff alleges that a news story ran that featured Plaintiff, describing his charge of child neglect, and then featured

another inmate who was charged with child molestation. ECF No. 8. After the story ran, Plaintiff alleges that his cellmate spoke with the correctional officer on duty. ECF No. 8. Soon after, Plaintiff states that inmates entered his cell and asked him if he molested children. ECF No. 8. He was then assaulted by his cellmate and other inmates. ECF No. 8.

Plaintiff alleges that he was then taken by ambulance to St. Mary's Medical Center where he was treated for swelling, lacerations, pain, hematoma, and fractures, among other conditions. ECF No. 8. Plaintiff also contends that he has suffered, and continues to suffer, from emotional trauma including "depression and crippling anxiety, due to a fear of being attacked." ECF No. 8.

On May 27, 2014 Plaintiff filed a complaint against the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"), Mike Clark, in his official and individual capacities, who was the Administrator of the Western Regional Jail (a jail operated by the WVRJCFA) at the time of Plaintiffs alleged injuries, and twenty-five unidentified Does. ECF No. 1. On July 30, 2014 Defendants WVRJCFA and Mike Clark filed a motion to dismiss. ECF No 9. Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted. ECF No. 10. Furthermore, Defendants argue that Plaintiff's negligence claims are barred by the doctrine of qualified immunity. ECF No. 10.

## II. Standard of Review

To overcome a motion to dismiss under Rule 12(b)(6), a complaint must be plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted). "Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. Discussion

#### A. The Eleventh Amendment

Defendants the WVRJCFA and Mike Clark, in his official capacity, are entitled to immunity from suit in federal court under the Eleventh Amendment. Although the defendants did not raise the issue in their motion to dismiss, "because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*." *Suarez Corp. Industries v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997). The Eleventh Amendment protects the state "from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity extends to state agencies and instrumentalities. *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001). It is well established that the WVRJCFA is an agency or "arm of the state" that is

protected by Eleventh Amendment immunity. *See Cantley v. W.V. Reg'l Jail & Corr. Facility Auth.*, 728 F. Supp. 2d. 803, 818 (S.D. W. Va. 2010); *Roach v. Burke*, 825 F. Supp. 116, 117-18 (N.D. W. Va. 1993). An individual who is employed by the WVRJCFA and is "sued in his official capacity is also immune from suit in federal court under the Eleventh Amendment." *Cantley*, 728 F. Supp. 2d. at 118 (quoting *Edwards v. West Virginia*, No. 2:00–0775, 2002 WL 34364404, at *5 (S.D. W. Va. 2002)); *see also Roach*, 825 F. Supp. at 119.

There are three narrow exceptions to the application of Eleventh Amendment Immunity. First, Congress can abrogate immunity through federal statutes enacted pursuant to § 5 of the Fourteenth Amendment. Here, the only federal statute at issue is 42 U.S.C. § 1983. This statute did not abrogate Eleventh Amendment Immunity. *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979). Second, the state can waive immunity, but must do so expressly and unequivocally. *Westinghouse Elec. Corp. v. W. Va. Dep't of Highways*, 845 F.2d 468, 470 (4th Cir. 1988). There is no evidence that the state has waived its Eleventh Amendment immunity in the present case. Finally, a state official may be sued in his official capacity for prospective relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908). Here, Plaintiff has sued the WVRJCFA and Mike Clark, in his official capacity, for money damages. Accordingly, none of the exceptions apply and Plaintiff's claims are barred as to these defendants. The motion to dismiss is thus **GRANTED** as to all claims against the WVRJCFA and Mike Clark in his official capacity.

Plaintiff's claims against Mike Clark in his individual capacity are not barred by the Eleventh Amendment. The Court addresses each Count of the Amended Complaint, as asserted against Mike Clark in his individual capacity, below.

### B. Count One: Outrage/Reckless Infliction of Emotional Distress

Plaintiff asserts a cause of action for outrage, also known as reckless infliction of emotional distress. ECF No. 8. To prevail on a claim for reckless infliction of emotional distress, a plaintiff must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Laboratories, Inc.*, 504 S.E.2d 419, 421 (W. Va. 1998). In determining the first element, the factfinder "may consider whether the extreme and outrageous character of the conduct arose from an abuse by the defendant of a position or relationship to the plaintiff, which gave the defendant actual or apparent authority over the plaintiff or power to affect the plaintiff's interests." *Id.* at 426. Here, Plaintiff alleges that the correctional officer on duty spoke with Plaintiffs' cellmate and a few moments later other inmates entered Plaintiff's cell and beat him. Although Plaintiff offers scant facts, a reasonable factfinder could infer that the correctional officer affirmatively permitted the other inmates to enter Plaintiff's cell. The correctional officer clearly had the "power to affect the plaintiff's interests." *See id.* If he used that power to permit other inmates to enter Plaintiffs' cell, understanding the risk that the inmates posed to Plaintiff, a reasonable factfinder could determine that the officer's behavior was extreme and outrageous.

The second element is satisfied if the defendant knows that severe emotional distress "is certain, or substantially certain, to result from his conduct." This element is also met if the defendant "acts recklessly . . . in deliberate disregard of a high degree of probability that the emotional distress will follow." *Id.* at 428-29 (quoting Restatement of Torts (Second) § 46,

Comment (i)). Here, Plaintiff has not alleged specific facts demonstrating what the correctional officer knew or believed at the time of the incident. The facts alleged, however, are sufficient to support a plausible inference that the correctional officer recklessly disregarded a high degree of probability that allowing the other inmates into Plaintiff's cell would result in violence and thereby cause severe emotional distress to Plaintiff.

The third element requires the plaintiff to show that the defendant's actions caused him to suffer emotional distress. *Id.* at 421. Plaintiff here alleges that as a result of the officer's conduct, he was subject to physical injury and suffers from emotional trauma, including "depression and crippling anxiety, due to a fear of being attacked." ECF No. 8.

Finally, the fourth element requires a showing that the emotional distress be "so severe that no reasonable person could be expected to endure it. Severe emotional distress includes (but is not limited to) such reactions as mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea." *Id.* at 430. Plaintiff alleges that he suffers from depression, fear of being attacked again, and "crippling anxiety." ECF No. 8. Presuming that these facts are true, they are sufficient to demonstrate that Plaintiff has suffered severe emotional distress.

Plaintiffs allegations describe the acts of the correctional officer on duty, not those of Mike Clark. Under West Virginia law, "intentional or reckless acts of an employee or supervisor may be imputed to the employer, if those acts were committed within the scope of employment." *Id.* at 431. The facts in the complaint are sufficient to indicate that the officer was acting within the scope of his employment at the jail. Accordingly, Plaintiff has pled adequate facts to state a plausible claim against Mike Clark, in his individual capacity, for reckless infliction of emotional distress. Defendant's motion to dismiss is thus **DENIED** as to Count One.

### C. Count Two: Battery

Plaintiff initially asserted a cause of action for battery. ECF No. 8. In his response to Defendants' Motion to Dismiss, Plaintiff states that he "does not oppose Defendants' Motion to the extent that it seeks dismissal of Count 2, Battery, of Plaintiffs Amended Complaint against the named Defendants." ECF No. 14. Accordingly, Defendant's motion to dismiss is **GRANTED** as to Count Two.

### D. Count Three: Negligence

Plaintiff asserts a cause of action for negligence, listing numerous theories including, *inter alia*, negligent hiring, supervision, and training of employees, failure of employees to provide a safe environment for inmates, failure to follow safety protocols, failure to follow federal and state regulations and industry standards, and negligent supervision of inmates. ECF No. 8. To prevail on a claim for negligence, a plaintiff must demonstrate (1) that the defendant owes the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach was the cause of an injury, and (4) damages. *See Browning v. Halle*, 632 S.E.2d 29, 32 (W. Va. 2005).

As to the first element, the test is whether an "ordinary man in the defendant's position, knowing what he knew or should have known, [would] anticipate that harm of the general nature of that suffered was likely to result." *Sewell v. Gregory*, 37 S.E.2d 82, 83 (W. Va. 1988). Furthermore, a defendant "who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection" is under a duty to protect the other "against unreasonable risk of physical harm." *Miller v. Whitworth*, 455 S.E.2d 821, 825 (W. Va. 1995) (quoting Restatement (Second) of Torts § 314A (1965)). Here, Plaintiff was taken into custody under the authority of Mike Clark, in his role as administrator of the jail. Accordingly, Mike Clark owed a duty to Plaintiff.

As to the second element, Plaintiff alleges that the defendant breached his duty in numerous ways. Although most of Plaintiffs' theories are not supported by any alleged facts, Plaintiff does set out sufficient facts to allow a reasonable factfinder to conclude that the defendant breached his duty directly by failing to supervise the inmates in the jail, or derivatively through the acts of the correctional officer on duty.

The third element requires Plaintiff to demonstrate that the defendant's actions were the actual and proximate cause of his injuries. Here, Plaintiff's allegations are sufficient, if accepted as true, to give rise to an inference that the actions of the correctional officer in permitting other inmates to enter Plaintiffs' cell, or ignoring the risk of other inmates entering the cell, caused the plaintiff physical and emotional injuries.

Finally, Plaintiff must prove damages. Plaintiff alleges that he suffered numerous physical injuries including swelling, lacerations, pain, hematoma, and fractures. He also states that he suffers from severe anxiety and emotional distress. As a result, Plaintiff alleges that the defendant caused damages including medical expenses, lost wages, pain and suffering, and mental anguish. These allegations are sufficient to raise a plausible claim for negligence.

Defendant contends that, even if Plaintiff can make out a plausible claim for negligence, he is barred by the doctrine of qualified immunity from bringing such a claim. To determine whether a state agency or official is entitled to qualified immunity, the Court "must first identify the nature of the governmental acts or omissions which give rise to the suit for purposes of determining whether such acts or omissions constitute legislative, judicial, executive or administrative policy-making acts or otherwise involve discretionary governmental functions." *W. Va. Reg'l Jail & Corr. Facility Auth, v. A.B.*, 766 S.E.2d 751, 756 (W. Va. 2014). "To the extent that the cause of action arises from judicial, legislative, executive or administrative

policy-making acts or omissions, both the State and the official involved are absolutely immune." *Id.*

In the present case, further factual development is needed to determine whether immunity applies. First, as to the acts and omissions allegedly committed by Mike Clark directly, it is unclear from the broad statement that the defendant failed to properly supervise and control inmates whether Plaintiff refers to policies of the jail and the WVRJCFA, or rather to specific discretionary acts taken by the defendant. *See* ECF No. 8. Plaintiff also alleges that Mike Clark is vicariously liable for the failure of the jail employees "to take steps to provide a safe environment for inmates, like Plaintiff." ECF No. 8. Plaintiff supports this claim with scant factual allegations about the conduct of the correctional officer on duty on the night of the alleged incident. Further development of the record is necessary in order to determine whether the officer was acting with discretion or merely following jail policies and procedures. *See Hess v. West Virginia Division of Corrections*, 705 S.E.2d 125, 130 (W. Va. 2010) ("Because it is not apparent from the Complaint or the record in this case as to whether all of the Appellee's allegations involve 'the exercise of an administrative function involving the determination of fundamental governmental policy,' which is the guidepost . . . the Court concludes that the circuit court did not err in allowing further factual development.") (quoting *Parkulo v. W. Va. Bd. of Prob. & Parole*, 483 S.E.2d 507, 509 (W. Va. 1996)). Accordingly, Defendant's motion to dismiss is **DENIED** as to Count Three.

### E. Count Four: Premises Liability

Plaintiff also asserts a cause of action for premises liability. ECF No. 8. Premises liability is a theory of negligence that places liability on the owner or possessor of premises where a hazard on the premises causes harm to another person. *See Hersh v. E-T Enters., Ltd.*

*Partnership*, 752 S.E.2d 336, 338-39 (W. Va. 2013). "The owner or the possessor of premises is not an insurer of the safety of every person present on the premises," however. *Id.* at 349. "If the owner or possessor is not guilty of negligence or willful or wanton misconduct and no nuisance exists, then he or she is not liable for injuries sustained by a person on the premises." *Id.*

As noted in the preceding section, the defendant had a duty to protect Plaintiff because he was in custody. Moreover, "at common law, one 'who takes charge of a third person' is 'under a duty to exercise reasonable care to control' that person to prevent him from causing reasonably foreseeable 'bodily harm to others.'" *United States v. Comstock*, 560 U.S. 126 (2010) (quoting Restatement (Second) of Torts § 319 (1963)). Thus, the defendant had a duty to protect plaintiff from bodily harm caused by other inmates under his control. As explained above, Plaintiff has alleged sufficient facts to show that Defendant breached this duty, causing injury to Plaintiff. Thus, Defendant's motion to dismiss is **DENIED** as to Count Four.

### F. Count Five: 42 U.S.C. § 1983

Finally, Plaintiff asserts a cause of action pursuant to 42 U.S.C. § 1983, alleging that the defendant exhibited "deliberate indifference" to inmate safety and thereby infringed on Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment. ECF No. 8. At the time of the alleged incident, Plaintiff was not a convicted prisoner but rather a pretrial detainee. ECF No. 8. In the case of a pretrial detainee, "the protections afforded by the Due Process Clause of the Fourteenth Amendment, and not those afforded by the Eighth Amendment, apply." *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 250 (4th Cir. 2005). The standard for deliberate indifference, however, is the same under both the Eighth and Fourteenth Amendments. *See Brown v. Harris*, 240 F.3d 383, 387 (4th Cir. 2001) (citing *Belcher v. Oliver*, 898 F.2d 32, 34 (1990)).

To prove a deliberate indifference claim under 42 U.S.C. § 1983, a plaintiff must demonstrate (1) a deprivation of the plaintiff's rights by the defendant that is, objectively, "sufficiently serious" and (2) that the defendant's state of mind was "one of 'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). To show "deliberate indifference," a plaintiff must prove that the defendant "actually knew of and disregarded a substantial risk of serious injury to the detainee." *Young v. City of Mount Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001). This element thus contains two requirements. First, the plaintiff must show that the defendant was aware of the facts that indicated a substantial risk of serious harm to inmate safety. "It is not enough that the officer[] should have recognized it; [he] actually must have perceived the risk." *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004). Second, the defendant must have been subjectively aware that his actions were "inappropriate in light of" the risk to inmate safety. *Id.* at 303.

Plaintiff must go a step further to maintain his cause of action against Mike Clark. Claims under § 1983 cannot be predicated on a theory of *respondeat superior*. *See McWilliams v. Fairfax Cnty. Bd. of Supervisors,* 72 F.3d 1191, 1197 (4th Cir. 1996) *overruled on other grounds by Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998). Rather, Plaintiff can only impose liability on Mike Clark for his own actions. *See id.* Plaintiff's complaint appears to state a claim against Mike Clark under a theory of supervisory liability. To show supervisory liability under § 1983, a plaintiff must prove:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices,; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotations omitted). To satisfy the first element alone, a plaintiff generally must put forth "evidence that the conduct is widespread, or at least has been used on several different occasions." *Id.* Here, Plaintiff has not alleged that Mike Clark had actual or constructive knowledge of the actions of correctional officer on duty on the night of the alleged incident. *See* ECF No. 8. Furthermore, Plaintiff has not alleged any facts indicating that the officer's conduct was widespread or repetitive. *See* ECF No. 8. Moreover, Plaintiff has not alleged any facts demonstrating how Mike Clark responded to the conduct of the correctional officer on duty, let alone how any such response was inadequate. *See* ECF No. 8. Accordingly, even if all allegations in the complaint are taken as true, Plaintiff as not asserted a plausible claim against Mike Clark under 42 U.S.C. § 1983. Therefore, Defendant's motion is **GRANTED** as to Count Five.

### G. Punitive Damages

Plaintiff initially asserted that he is entitled to punitive damages. *See* ECF No. 8. In his response to Defendants' Motion to Dismiss, Plaintiff states that he "does not oppose Defendants' Motion to the extent that it seeks dismissal of Plaintiff's claims for punitive damages against The West Virginia Regional Jail and Correctional Facility Authority and Mike Clark, in his official capacity." ECF No. 14. Accordingly, Defendant's motion is **GRANTED** to the extent that it seeks dismissal of Plaintiff's claims for punitive damages.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Amended Complaint (ECF No. 9) is **GRANTED** with respect to Defendant West Virginia Regional Jail and Correctional Facility Authority and Defendant Mike Clark in his official capacity. With respect to Defendant Mike Clark in his individual capacity, the Motion is **GRANTED IN PART** as to Count Two, Count

Five, and the claim for punitive damages, and **DENIED IN PART** as to Count One, Count Three, and Count Four. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

      ENTER:      March 25, 2015

*[signature]*
ROBERT C. CHAMBERS, CHIEF JUDGE